MGD

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher J. Soto, Sr., | No. CV 13-00692-PHX-DGC (MEA) |
| Plaintiff, | |
| vs. | **ORDER** |
| Matt Ritter, | |
| Defendant. | |

Plaintiff Christopher J. Soto, Sr., who is confined in the Pinal County Jail in Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2). Plaintiff has also filed what appears to be a request to consider Plaintiff's case in conjunction with another pending case, *Cleveland v. Voyle*s, CV 13-0265-PHX-DGC[1] (Doc. 5) ("Request"); a "Motion to Submit" (Doc. 13) ("Motion"); and numerous documents advising the Court of documents he has filed in a pending case in Pinal County Superior Court, case CR2012-02485 (Doc. 6, 7, 8, 9, 11, 12) ("Notices"). The Court will dismiss the Complaint and this action. To the extent that Plaintiff seeks any relief in his Request, Motion or Notices, such relief will be denied.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. The statutory fee will be collected

---

[1] Plaintiff does not allege that his case is related to CV 13-0265-PHX-DGC or that he is a party in that case.

monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend, because the defects cannot be corrected.

**III.   Complaint**

Plaintiff alleges two counts in his Complaint. Count I alleges a violation of Plaintiff's Sixth Amendment right to counsel and "access to the court." Count II alleges a violation of Plaintiff's Fifth Amendment right to due process and liberty because he was not indicted. Plaintiff sues only his "private" criminal defense attorney, Matt Ritter. Plaintiff seeks compensatory and "hedonic damages."

Plaintiff alleges the following facts: A summons for Plaintiff to appear at a hearing on November 14, 2012 was sent to an Arizona City address. Because Plaintiff did not receive mail at that address, he never received the summons and did not appear at the hearing.

On March 29, 2013, Ritter, who had been appointed to represent Plaintiff three days after Plaintiff's January 2013 arrest, told Plaintiff that a summons for the November 14, 2012 hearing in case CR2012-02485 had been sent to him at the Arizona City address. Plaintiff appears to contend that his Sixth Amendment right to counsel was

violated where counsel did not represent him at the November 14, 2012 hearing or two hearings held in December 2012. On January 11, 2013, Ritter informed Plaintiff of a plea agreement offered by the prosecutor that would result in Plaintiff being sentenced to three years' probation. Plaintiff appears to assert that Ritter failed to ascertain that Plaintiff had never been properly summoned for the November hearing or been indicted in case CR2012-02485. Plaintiff asserts that case CR2012-02485 has not been processed "in a judicial manner" where there was no arraignment, indictment, initial hearing, "colloquy," or grand jury transcripts. (Doc. 1 at 4.)

**IV.    Failure to State a Claim**

Section 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the United States Constitution and federal law. 42 U.S.C. § 1983; *see also Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995). To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). A plaintiff must also allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

The "under color of state law" component is the equivalent of the "state action" requirement under the Constitution. *Lugar v. Edmondson Oil Co, Inc.*, 457 U.S. 922, 928 (1982); *Jensen v. Lane County*, 222 F.3d 570, 574 (9th Cir. 2000) (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *West v. Atkins*, 487 U.S. 42, 49 (1988)). "Acting under color of state law is a jurisdictional requisite for a § 1983 action." *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001) (quoting *West*, 487 U.S. at 46). Whether an attorney representing a criminal defendant is privately retained, a public defender, or court-appointed counsel, he or she does not act under color of state law. *See Polk County*

*v. Dodson*, 454 U.S. 312, 317-18 (1981); *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) (*en banc*).

Here, Plaintiff sues only his criminal defense attorney, Ritter. As stated above, a criminal defense attorney does not act under color of state law. Therefore, Plaintiff fails to state a claim against Ritter under § 1983. Because Plaintiff cannot amend his complaint to state a claim against Ritter, the Court will dismiss Plaintiff's Complaint and this action.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**. (Doc. 2.)

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee.

(3) The Complaint (Doc. 1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly. (Doc. 1.)

(4) Plaintiff's Request, Motion or Notices are **denied** as moot, to the extent that any relief is sought therein. (Doc. 5-13.)

(5) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(6) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

Dated this 17th day of May, 2013.

_____
David G. Campbell
United States District Judge